JONATHAN D. WHEELER *vs.* LYMAN D. ALDRICH & Trustee.

One who has been adjudged trustee in foreign attachment, and paid over, on the execution issued on such judgment, all the funds in his hands, cannot be charged for such funds in a subsequent suit, if the officer's return states that the principal defendant had no place of abode within this state, and the record shows such order of notice as would be proper if that were the fact.

TRUSTEE PROCESS, returnable to the court of common pleas in Worcester. Winthrop Faulkner, summoned as trustee of the principal defendant, who was described as of Natchez, in the State of Mississippi, disclosed that he had previously been summoned as trustee in two other writs against this defendant, in the first of which the amount claimed much exceeded the sum in his hands.

The plaintiff then alleged in writing that the defendant, at the time of the service of those writs, had a last and usual place abode in this commonwealth; that "said writs were not served by leaving a copy thereof at such last and usual place of abode in this commonwealth; that there is no statement in the returns of the officers on said several writs that said Aldrich had no tenant in their precinct, and there was no legal service of said writs on said Aldrich; wherefore the plaintiff says that said writs were not duly served, and that the proceedings thereon are erroneous, and that the trustee ought to be charged in this action."

To these allegations the trustee demurred for various reasons, which he assigned specially; and also, by leave of court, filed an additional answer, in which he stated that since the filing of his first answer judgment had been rendered and execution issued thereon in the first process, for a sum exceeding the amount of the defendant's funds in his hands, and he had paid thereon all those funds, deducting his own costs.

*Morris*, J. discharged the trustee, and the plaintiff appealed to this court, before whom the case was argued at Worcester at October term 1858.

*W. F. Slocum*, for the plaintiff.

*S. H. Allen*, for the trustee.

Dewey, J.   The question raised here is as to the validity of the service of two former writs against Aldrich as principal, and Faulkner as trustee, on one of which judgment was rendered, and the money paid in discharge thereof by the trustee.   Unless this prior attachment by the trustee process can be treated as voidable by a subsequent attaching creditor, the trustee must be discharged as having no credits or effects of Aldrich in his hands.

Under our decisions in *Downs* v. *Fuller*, 2 Met. 135, and *Leonard* v. *Bryant*, 11 Met. 370, a judgment may be impeached by such subsequent creditor, without, in the first instance, suing out a writ of error to vacate such judgment.   This is so held, because the subsequent attaching creditor is not a party or privy to the judgment in any such sense as to entitle him to sue out a writ of error to reverse it.

It is to be borne in mind that the precise question here is, whether the trustee is to be again charged for the funds in his hands, after having paid over the same upon a judgment against his principal, in an action in which he was summoned as trustee. Was there enough on the face of the proceedings to justify such payment; or was he bound to go beyond the return of the officer, and inquire as to the existence of other facts ?   We think he was not bound so to inquire, and if upon the face of the return of the officer a due service appears to have been made upon the principal, and there is no other objection to the validity of the proceedings than that of want of service upon the principal, it is a sufficient justification for the trustee, and he may safely pay over the money in his hands.   *Morrison* v. *New Bedford Institution for Savings*, 7 Gray, 269, is directly to this point.

Without expressing any opinion as to the effect that would result from proof of the facts, alleged by the plaintiff in the present suit to have existed, that Aldrich had a last and usual place of abode in this commonwealth at the time of the service of the writ, if a writ of error were brought by the principal defendant against the plaintiff in that suit; it is enough to say

that the return made by the officer was sufficient to protect the trustee, provided the subsequent proceedings were conformable to the provisions of the Rev. Sts. *c.* 92, § 3, for cases where the defendant was not an inhabitant of or resident within the State at the time of the service, and a continuance of the action was had, and due notice ordered and given. Assuming those to have been in conformity with the statute, the trustee may rely upon such former judgment as a justification for paying over on such judgment the money of the principal in his hands.

*Trustee discharged*